MRM:MEM
F. #2023R00718

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 28 2023 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JOSE SAEZ, JR.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

C O M P L A I N T

(18 U.S.C. § 2251(a))

No.  2:23-MJ-00864 (JMW)

EASTERN DISTRICT OF NEW YORK, SS:

        JANINE MUSMACKER, being duly sworn, deposes and states that she is a Task Force Officer with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

        On or about and between August 14, 2023 and September 28, 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSE SAEZ, JR. did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported

and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Section 2251(a))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Task Force Officer with the Federal Bureau of Investigation ("FBI"), and I have been in that role for approximately two years. Prior to my work with the FBI, I was assigned to the Suffolk County Police Department ("SCPD"). I have been a police officer with the SCPD since 2000, where I spent four years as a Detective in the SCPD's Special Victim's Unit. I am now assigned to the FBI's Child Exploitation and Human Trafficking Task Force, which investigates individuals suspected of being involved in the receipt, distribution, possession and production of child pornography and sex trafficking, among other offenses. While employed by the FBI and the SCPD, I have conducted and participated in numerous investigations of criminal activity, including, but not limited to investigations related to the sexual exploitation of children, child pornography, and other sex offenses. As a result, and based on my training and experience, I am familiar with the laws regarding sexual offenses and how sexual offenses are commonly committed. I have been assigned to investigate violations of criminal law relating to sexual offenses, and I have gained expertise in how to conduct such investigations through, among other things, training I have received in seminars and classes, and my daily work in relation to these types

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

of investigations. As part of my responsibilities, I have participated in numerous investigations into the commission of various sex offenses. During these investigations, I have executed, or participated in the execution of, numerous search warrants involving electronic devices. I have also received training regarding computer technology and the way electronic devices are used to further criminal activity, including sex offenses. I have training and experience in numerous areas of criminal investigations and procedures, including search warrant applications, executing searches and seizures, and seizing and processing computer evidence. As part of my responsibilities, I have reviewed thousands of images depicting children (less than eighteen years of age) being sexually exploited by adults. Through my experience in these investigations, I have become familiar with methods of determining whether a child is a minor.

2. I am familiar with the facts and circumstances set forth below from my own participation in the investigation, my review of the investigative file, and from my conversations with, and review of reports of, other law enforcement officers and agents involved in the investigation.

## DEFINITIONS

a. For the purposes of this complaint "Child Pornography," as used herein, means and includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit

conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct (see 18 U.S.C. §§ 2252 and 2256(2)).

## PROBABLE CAUSE

3. On September 28, 2023, I executed a search warrant at a residence located in Brentwood, New York[2] (the "Residence"), where I met and spoke with the defendant JOSE SAEZ, JR., who identified himself to me. During the execution of that search warrant, I recovered, among other things, SAEZ's telephone (the "Phone"). Pursuant to the search warrant I conducted a cursory review of the Phone, which revealed a saved conversation on the Telegram app. The conversation included fifteen videos (the "Videos") which were sent to the Phone from a user who utilized a username containing the letters "FL" ("John Doe"). The Videos contained child pornography, specifically, they showed, among other things, an approximately 16-year-old male masturbating and inserting objects into his anus.

4. Prior to review of the Videos, I read the defendant, JOSE SAEZ, JR. his Miranda warnings, which he orally and in writing agreed to waive. After SAEZ knowingly and voluntarily waived these rights SAEZ agreed to be interviewed. During the course of the interview SAEZ admitted that he met John Doe on the Telegram app. SAEZ stated that he knew John Doe to be a 16-year-old high school male. SAEZ admitted that he requested John Doe video himself engaging in various sexual acts, including masturbation and placing objections in his anus. SAEZ admitted that John Doe sent Videos, and that SAEZ saved the Videos on the Phone. SAEZ further admitted that he sent the Videos to at

---

[2] The address of the Residence is known to the deponent.

least 10 other individuals using the Phone. SAEZ admitted that he had engaged in similar conducted with multiple other minors, stating, "I'm sorry that I cannot stop." Finally, SAEZ admitted that he knew the Videos were child pornography.

5. Based on my training and experience I know the Videos to be child pornography.

6. Accordingly, I submit that there is probable cause to believe that the defendant JOSE SAEZ, JR. used Telegram to persuade a minor, including but not limited to John Doe, to create sexually explicit images of themselves and send him these images via Telegram.

WHEREFORE, your deponent respectfully requests that the defendant JOSE SAEZ, JR., be dealt with according to law.

_____
JANINE MUSMACKER
Task Force Officer, Federal Bureau of Investigation

Sworn to before me this
28th day of September, 2023

/s/: James M. Wicks
_____
THE HONORABLE JAMES M. WICKS
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK